LAURA L. FARLEY, ESQ.
FARLEY & GRAVES, P. C.
807 G Street, Suite 250
Anchorage, Alaska 99501
(907) 274-5100  Fax (907) 274-5111

Attorneys for Plaintiff State Farm Mutual
Automobile Insurance Company

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA AT ANCHORAGE**

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JUSTIN S. SCHNEIDER,<br><br>　　　　　　Defendant. | Case No. 3:19-cv-_____ (___) |

## **COMPLAINT FOR DECLARATORY RELIEF**

Plaintiff State Farm Mutual Automobile Insurance Company, through counsel, Farley & Graves, P.C., alleges as follows:

**PARTIES**

1. Plaintiff State Farm Mutual Automobile Insurance Company ("State Farm"), is a corporation organized under the laws of the State of Illinois. Plaintiff is, and was at all times relevant to this complaint, authorized to transact business in the State of Alaska and is qualified in all respects to bring this action.

2. Upon information and belief, defendant Justin S. Schneider ("Schneider") is, and was at all times relevant to this complaint, a resident of Anchorage, Alaska and/or the Third Judicial District of Alaska.

## JURISDICTION AND VENUE

3. This is an action for declaratory judgment and other relief for which the Court has jurisdiction pursuant to 28 U.S.C. § 2201.

4. The Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

5. Venue is proper under 28 U.S.C. § 1391(b)(1) because there is diversity of citizenship.

## GENERAL ALLEGATIONS

6. At all times relevant to this matter, Schneider owned a 1993 Toyota 4 Runner, VIN JT3RN37W2P0011617 ("SUV").

COMPLAINT FOR DECLARATORY RELIEF
STATE FARM V. SCHNEIDER
CASE NO. 3:19-cv-_____ (____)

Page 2 of 7                                                                 /KH

7. On or about November 13, 2018, Jane Doe ("Doe") filed a civil suit against Schneider in the Superior Court for the State of Alaska at Anchorage, Case No. 3AN-18-10422 CI, alleging assault and battery, negligent and intentional infliction of emotional distress, attorney's fees pursuant to AS 09.60.070(a)(2), and punitive damages (the "underlying litigation"). A copy of Doe's complaint is incorporated by reference and attached hereto as Exhibit 1.

8. In the underlying litigation, Doe alleges in her complaint that on or about August 8, 2017, she was assaulted by Schneider.

9. Doe reported the assault and Schneider was arrested and indicted on charges of assault, kidnapping and harassment – offensive contact with fluids. Schneider pled guilty to AS 11.41.210(a)(1), assault in the second degree by means of a dangerous instrument. *Id.* at ¶ 9. *See State of Alaska v. Schneider*, Case No. 3AN-17-06258CR.

10. At the time of the assault a State Farm Car Policy (Form 9802A), Policy No. 058 5232-A20-02A, was in effect for named insured Justin Schneider for the 1992 Toyota 4 Runner, VIN JT3RN37W2P0011617 ("the Policy"). The State Farm Car Policy is incorporated by reference and attached hereto as Exhibit 2.

11. The relevant provisions of the State Farm Car Policy, Form 9802A, state:

**LIABILITY COVERAGE**

. . . .

COMPLAINT FOR DECLARATORY RELIEF
STATE FARM V. SCHNEIDER
CASE NO. 3:19-cv-_____ (____)

Page 3 of 7

/KH

32472-sub279209   Case 3:19-cv-00052-SLG   Document 1   Filed 02/27/19   Page 3 of 7

**Insuring Agreement**

1. *We* will pay damages an *insured* becomes legally liable to pay because of:
    a. *bodily injury* to others; and
    b. damages to property

caused by an accident that involves a vehicle for which that *insured* is provided Liability Coverage by this policy.

1. *We* have the right to:
    a. Investigate, negotiate, and settle any claim or lawsuit;
    b. Defend an *insured* in any claim or lawsuit, with attorneys chosen by *us*; and
    c. Appeal any award or legal decision for damages payable under this policy's Liability Coverage.

. . . .

**Exclusions**

THERE IS NO COVERAGE FOR AN *INSURED*

1. WHO INTENTIONALLY CAUSES *BODILY INJURY* OR PROPERTY DAMAGE TO PROPERTY;

Exhibit 2, Policy at pp. 5-7.

## **CLAIM FOR DECLARATORY RELIEF**

12. State Farm incorporates by reference all allegations in paragraphs 1-11.

13. In the underlying criminal matter, Case No. 3AN-17-06258CR, Schneider pled guilty to AS 11.41.210(a)(1), assault in the second degree by means of a dangerous instrument. Alaska Statute 11.41.210(a)(1) provides, "A person commits the crime of assault in the second degree if (1) with intent to cause physical injury to another person, that person causes physical injury to another person by means of a dangerous instrument." Schneider is estopped from re-

COMPLAINT FOR DECLARATORY RELIEF
STATE FARM V. SCHNEIDER
CASE NO. 3:19-cv-_____ (____)

Page 4 of 7

/KH

Case 3:19-cv-00052-SLG   Document 1   Filed 02/27/19   Page 4 of 7

litigating the issue of mens rea. Schneider intentionally caused Jane Doe's bodily injuries on or about August 8, 2017 as alleged in the underlying civil litigation.

14. The State Farm Car Policy, Policy No. 058 5232-A20-02A, provides coverage to persons insured according to the express terms, conditions, and limitations set forth in Exhibit 2.

15. Under the unambiguous provisions of the State Farm Car Policy (Form 9802A), State Farm will pay damages an insured becomes legally liable to pay because of bodily injury caused by an accident that involves a vehicle for which that insured is provided liability coverage. The claims asserted against Schneider by Jane Doe in the underlying litigation do not allege bodily injuries caused by an accident that involved a vehicle.

16. Under the unambiguous provisions of the State Farm Car Policy (Form 9802A), there is no coverage for an insured who intentionally causes bodily injury. The claims asserted against Schneider by Jane Doe in the underlying litigation are excluded from coverage because Schneider intentionally caused the bodily injury alleged in the underlying litigation.

17. State Farm is entitled to a declaration that the claims asserted against Schneider by Jane Doe in the underlying complaint attached hereto as Exhibit 1 are not covered under the State Farm Car Policy, Policy No. 058 5232-A20-02A.

18. State Farm is entitled to a declaration that State Farm has no duty under the terms of the State Farm Car Policy, Policy No. 058 5232-A20-02A, to defend Schneider against the claims asserted by Jane Doe in the underlying complaint attached hereto as Exhibit 1.

19. State Farm is entitled to a declaration that State Farm has no duty under the terms of the State Farm Car Policy, Policy No. 058 5232-A20-02A, to indemnify Schneider for any sums he becomes legally obligated to pay as a result of the underlying complaint filed by Jane Doe.

WHEREFORE, Plaintiff State Farm respectfully prays for relief as follows:

1. For a judgment declaring that the claims asserted by Jane Doe against defendant Justin Schneider in the underlying complaint attached hereto as Exhibit 1 are not covered under the State Farm Car Policy, Policy No. 058 5232-A20-02A;

2. For a judgment declaring that State Farm has no duty under the terms of the State Farm Car Policy, Policy No. 058 5232-A20-02A, to defend defendant Justin Schneider against the claims asserted by Jane Doe in the underlying complaint attached hereto as Exhibit 1;

3. For a judgment declaring that State Farm has no duty under the terms of the State Farm Car Policy, Policy No. 058 5232-A20-02A, to indemnity defendant Justin Schneider for any sums he becomes legally obligated to pay as a result of the underlying complaint attached hereto as Exhibit 1 filed by Jane Doe;

4. For an award of its attorney's fees and costs as allowed by law; and

5. For such other relief as the Court deems just and proper.

DATED this 27 of February 2019 at Anchorage, Alaska.

                      FARLEY & GRAVES, P. C.

By:   s/Laura L. Farley
     LAURA L. FARLEY
     807 G Street, Suite 250
     Anchorage, AK 99501
     Ph. (907) 274-5100
     Fax (907) 274-5111
     E-Mail: lfarley@farleygraves.com
     Alaska Bar No.: 9211078
     Attorneys for Plaintiff State Farm Mutual Automobile Insurance Company

COMPLAINT FOR DECLARATORY RELIEF
STATE FARM V. SCHNEIDER
CASE NO. 3:19-cv-_____ ____ (____)

Page 7 of 7

/KH

Case 3:19-cv-00052-SLG   Document 1   Filed 02/27/19   Page 7 of 7